UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM VOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1895 RWS |
| | ) | |
| DAVID VOBORA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

In 2011, after ample notice and opportunity to be heard, I entered default judgment against corporate defendant Anti-Steroid Program, LLC d/b/a S.W.A.T.S. (SWATS) in the case styled *David Vobora v. S.W.A.T.S.*, et al., Case Number 4: 10 CV 810 RWS. Default was entered only after SWATS twice asked the Court to permit its counsel to withdraw, despite being advised that a corporate defendant could not represent itself and that a default judgment would be entered if SWATS did not retain substitute counsel to represent it. In support of its motion, SWATS filed the affidavit of corporate president Mitchell Ross, who testified that "SWATS understands that it may not proceed without counsel in this matter and that proceeding without counsel may result in a default of this lawsuit." (Case No. 4: 10 CV 810 RWS Doc. #41-1). I therefore granted the motion to withdraw. When no substitute counsel entered an appearance on behalf of SWATS, the Clerk

of the Court entered default and I set Vobora's motion for default judgment for hearing. (*Id.* at Doc. #47). Despite SWATS' default, notice of the default judgment hearing and all subsequent orders were mailed to SWATS at the corporate address provided by SWATS. SWATS did not appear for the default judgment hearing, which lasted two hours and included six exhibits and the testimony of two witnesses. (*Id.* at Doc. #50-51). After consideration of all evidence, I entered a default judgment against SWATS in excess of $5.4 million dollars. (*Id.* at Doc. #59). Vobora was also awarded his attorney's fees and costs. (*Id.* at Doc. #65-66). SWATS did not appeal.

Vobora then attempted to collect his judgment. After numerous unsuccessful efforts, Vobora eventually filed a lawsuit in Alabama state court to pierce the corporate veil and hold others (including the plaintiff in this case William Voss) responsible for the judgment entered against SWATS. (*Vobora v. Anti-Steroid Program, LLC, et al.*, Case No. 2013-903816 in the Circuit Court of Jefferson County, Alabama). According to the corporate resolution documents filed in my underlying case (Case No. 4: 10 CV 810 RWS Doc. #42-1), Voss was the "Managing Member" of SWATS, personally resolved for the company to be dissolved in December of 2010, and directed that he (not corporate president Ross) "oversee, complete, and wind-up the affairs" of SWATS. Voss was not a

defendant in the underlying case that was pending before me or a party to the underlying default judgment.

Now, Voss has come into this Court and filed this lawsuit to set aside the 2011 default judgment I entered against SWATS. Because Voss seeks relief from my default judgment under Fed. R. Civ. P. 60(d)(1), the case was transferred to me. Voss argues that I should vacate the default judgment against SWATS because Vobora could not have tested positive for methyltestosterone by using SWATS' product.[1] In doing so, he makes allegations and arguments that could – and should—have been made before default judgment was entered. Voss – who is represented by counsel here – also argues that I should vacate the default judgment entered against SWATS because he cannot afford counsel to represent him in Alabama (apparently his money limitations did not prevent him from retaining St. Louis counsel). Finally, Voss complains that it is unfair to enforce the default judgment because he was thought SWATS was going to continue defending this action, despite SWATS' request to the contrary and the corporate dissolution documents signed by Voss charging <u>Voss</u> with the responsibility to "oversee, complete, and wind-up the affairs" of SWATS.

Vobora has now filed a properly supported motion to dismiss this action under Fed. R. Civ. P. 12(b)(6) because Voss is not a party to the default judgment

---

[1] I assume familiarity with the facts in the underlying case and will not restate them here.

3

entered against SWATS, has no apparent standing to challenge the validity of the default judgment entered against SWATS, and has not asserted a valid legal basis for vacating the judgment. Voss opposes the motion and moves to strike some of the materials submitted in support of the motion as outside the scope of a 12(b)(6) motion. I will deny the motion to strike, as I need not – and therefore, do not – consider extraneous matters to decide that dismissal is proper.[2]

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 16(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. This standard

---

[2] While I have not considered the supporting materials provided by Vobora to decide whether dismissal is appropriate, they are troubling -- particularly Voss's threats to have Vobora criminally investigated should he continue his legally permissible collection efforts. However, as these statements were made in the context of Vobora's collection efforts in Alabama state court, the state court is best equipped to determine what, if any, action should be taken against Voss for his behavior.

"simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Showing entitlement to relief under Rule 60(d)(1) requires Voss to meet a very high bar. Such relief is available only to prevent a "grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998). To prevent the restrictions of Rule 60(b) from "be[ing] set at naught," relief under Rule 60(d) is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Id.* at 46 (quotation and citation omitted). "The indispensable elements of" a successful Rule 60(d)(1) motion are "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 708 F. Supp.2d 890, 898-99 (D. Minn. 2010) (citing 11 Wright, Miller & Kane, *Federal Practice and Procedure,* Civil 2d § 2868, and

*Nat'l Sur. Co. of New York v. State Bank of Humboldt,* 120 F. 593, 599 (8th Cir. 1903)).

Even if I assume for purposes of deciding this motion only that Voss has standing to challenge the default judgment entered against SWATS, dismissal is still required as the "indispensable elements" of a successful Rule 60(d) motion, including the absence of fault or negligence on the part of the defendant are plainly absent in this case. Default was entered in the underlying case only after SWATS <u>twice</u> asked the Court to permit its counsel to withdraw, despite being advised that a corporate defendant could not represent itself <u>and</u> that a default judgment would be entered if SWATS did not retain substitute counsel to represent it.[3] As a result, Voss cannot demonstrate that default was entered against SWATS without "fault or negligence" on its part.[4] In addition, the alleged basis for setting aside the default judgment could -- and therefore should -- have been presented to this Court

---

[3] In support of its motion, SWATS filed the affidavit of corporate president Mitchell Ross, who testified that "SWATS understands that it may not proceed without counsel in this matter and that proceeding without counsel may result in a default of this lawsuit." (Case No. 4: 10 CV 810 RWS Doc. #41-1).

[4] I reject the argument raised in Voss's sur-reply brief that he is only required to show that the default was entered without *his* fault, not that of SWATS, as it is the judgment against SWATS that he is seeking to set aside. Nevertheless, Voss cannot demonstrate that default was entered without his own fault or negligence, either, since <u>he</u> -- not Ross -- was in charge of "oversee[ing], complet[ing], and wind[ing]-up the affairs" of SWATS according to the corporate dissolution document he signed. (Case No. 4: 10 CV 810 RWS Doc. #42-1). This document eviscerates Voss's argument that the default judgment ought not to be enforced because he was allegedly duped by Ross into believing that SWATS would continue to defend the underlying action.

prior to default judgment being entered. Under these circumstances, this Court will not set aside the default entered against SWATS. Because Voss cannot state a claim for relief under Rule 60(d)(1), I will grant the motion to dismiss in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [4] is granted, and plaintiff's complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motion to strike [7] is denied.

        RODNEY W. SIPPEL
        UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2017.